[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 11-11096
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCTOBER 27, 2011
JOHN LEY
CLERK

D.C. Docket No. 1:10-cr-00403-TWT-GGB-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MARCELO RAMIREZ-DELORES,
a.k.a. Antonio Ceron,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(October 27, 2011)

Before BARKETT, HULL and MARCUS, Circuit Judges.

PER CURIAM:

Marcelo Ramirez-Delores appeals his 54-month sentence, imposed after he

pled guilty to one count of illegal reentry after deportation, in violation of 8 U.S.C.

§ 1326(a), (b)(2). Ramirez-Delores argues that the district court imposed a procedurally unreasonable sentence because it assigned two criminal history points for an uncounseled prior state court conviction for simple battery. After review, we affirm.

Although the Sentencing Guidelines are now advisory after United States v. Booker, 543 U.S. 220, 125 S. Ct. 738 (2005), the district court still must calculate the advisory guidelines range correctly. United States v. Pugh, 515 F.3d 1179, 1190 (11th Cir. 2008). A sentence based on a miscalculated advisory guidelines range or on clearly erroneous facts is procedurally unreasonable. See Gall v. United States, 552 U.S. 38, 51, 128 S. Ct. 586, 597 (2007).[1]

Generally, a defendant may not collaterally attack a prior conviction during his federal sentencing. United States v. Roman, 989 F.2d 1117, 1120 (11th Cir. 1993) (en banc); see also U.S.S.G. § 4A1.2, cmt. n. 6. An exception is made, however, if the defendant challenges the prior conviction as presumptively void because it was obtained in violation of the defendant's right to counsel. Id.; see also Custis v. United States, 511 U.S. 485, 487, 114 S. Ct. 1732, 1734 (1994).

---

[1]We review the reasonableness of a sentence for abuse of discretion. Pugh, 515 F.3d at 1190. We review the sentencing court's findings of fact for clear error and its application of the Sentencing Guidelines to those facts de novo. United States v. Cooper, 203 F.3d 1279, 1286 (11th Cir. 2000). Ramirez-Delores does not argue that his sentence is substantively unreasonable.

2

The defendant bears the burden to show that his state conviction is presumptively void. United States v. Cooper, 203 F.3d 1279, 1287 (11th Cir. 2000). If the defendant's prior uncounseled conviction was obtained pursuant to a waiver of counsel, the defendant must show that the waiver was invalid. See United States v. Gray, 367 F.3d 1263, 1273-74 (11th Cir. 2004). A defendant's claim that he "may have been under the mistaken belief that he had a right to counsel at trial, but not if he was merely going to plead guilty," does not carry the defendant's burden to prove his waiver of counsel was invalid. Iowa v. Tovar, 541 U.S. 77, 93, 124 S. Ct. 1379, 1390 (2004) (quotation marks omitted).

Here, the district court did not err in counting Ramirez-Delores's prior simple battery conviction. The district court heard testimony from Evelyn Fournier, a Spanish-language translator who served as the court-certified interpreter at Ramirez-Delores's state court plea hearing. Fournier testified, inter alia, that Ramirez-Delores signed a document waiving his right to counsel and that the state court judge verbally advised Ramirez-Delores of his right to an attorney prior to his guilty plea. Fournier also assisted Ramirez-Delores in filling out a Spanish-language questionnaire concerning his decision to plead guilty. Fournier's testimony indicated that Ramirez-Delores expressed some indecision about how to answer questions relating to interactions with counsel because he did

3

not have counsel,[2] but that Ramirez-Delores was aware that he had the right to counsel.

The government also introduced the waiver form Ramirez-Delores signed, which stated:

I have been informed and I understand that I have the right:

(a) To be indicted by a Grand Jury;
(b) To be confronted by the Witnesses against me;
(c) To be tried and have my case decided by a Trial Jury;
(d) To be represented by an attorney or Lawyer, and that if I cannot afford a lawyer, one will be appointed to me by the court without cost to me.

I also understand that I can voluntarily give up these rights listed above, and have my case disposed of before the Court and Judge on a **PLEA OF GUILTY.**

I do hereby waive and give up the rights I have as listed above, and do hereby notify the court that I do waive and give up same and wish to **PLEAD GUILTY** to the above charges, <u>and that I wish to do so without having or being represented by a lawyer.</u>

We reject Ramirez-Delores's argument that this waiver form, on its face, insufficiently advised him of his right to counsel at the plea hearing. The language at the end of the last paragraph of the waiver unequivocally advised Ramirez-

---

[2]Fournier testified that Ramirez-Delores told her to cross out both the "yes" and "no" options to a question that asked whether he had time to discuss his case with an attorney and to leave blank the answers to the next few questions that asked specifically about his interactions with an attorney.

Delores that he had a right to counsel whether or not he pled guilty. It is undisputed that he reviewed the waiver form with Fournier's assistance and then signed it.

Moreover, Ramirez-Delores offered no evidence that he actually believed he had to choose between proceeding to trial with counsel and pleading guilty without counsel. The mere allegation that Ramirez-Delores "might have been" mistaken about his right to counsel at the plea hearing does not carry his burden to show the waiver was not knowing and voluntary. See Tovar, 541 U.S. at 92-93, 124 S. Ct. at 1390.

Because Ramirez-Delores did not show that his waiver of counsel was invalid, he did not establish that his uncounseled simple battery conviction was presumptively void. Accordingly, the district court did not err when it included the simple battery conviction in its criminal history score computation, and we cannot say Ramirez-Delores's 54-month sentence is procedurally unreasonable.

**AFFIRMED.**